IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 24-cr-00291-SKC

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**TEAK TY BROCKBANK,**

    Defendant.

_____

### UNOPPOSED MOTION TO CONTINUE SENTENCING HEARING
_____

    Defendant, Teak Brockbank, by and through undersigned counsel, respectfully moves this Court to continue the sentencing hearing currently scheduled for April 8, 2025, and extend all related deadlines for a period of approximately 6 to 8 weeks. In support of this motion, Defendant states as follows:

    1.    On October 23, 2024, Mr. Brockbank entered a plea of guilty to one count of Threats in Interstate Commerce in violation of 18 U.S.C. § 875(c). At the conclusion of the hearing, the Court scheduled a Sentencing Hearing for February 3, 2025, at 1:30 p.m. (Doc. 28).

    2.    On January 13, 2025, Mr. Brockbank filed an unopposed motion to continue the sentencing hearing (Doc. 35), citing unresolved discovery issues and other matters requiring additional time for adequate preparation for the

hearing. The Court granted the motion and rescheduled the sentencing hearing for April 8, 2025, at 10:00 a.m. (Doc. 36).

3. Counsel and the government have resolved the outstanding discovery issues and undersigned counsel has exercised diligence in reviewing the new materials as well as the initial disclosure.

4. Counsel has retained the services of an expert, forensic psychologist Dr. Jane Cleveland, Psy.D., to conduct an examination and evaluation of Mr. Brockbank. Counsel believes that the evaluation is necessary to develop important information about the history and characteristics of Mr. Brockbank and the nature and circumstances of the instant offense that will be a critical part of Mr. Brockbank's mitigation presentation.

5. Despite using best efforts, Dr. Cleveland has been unable to complete her evaluation thus far. This is largely due to the fact that Mr. Brockbank is being detained remotely at the Teller County Jail in Divide, Colorado, approximately a two-hour drive from Denver. The jail requires meetings of the length required for a psychological examination to be scheduled well in advance so that an appropriate room is available. The length of the time slots are often limited to avoid disruptions of the jail's regular operations such as meal service. Those limitations combined with the difficulty of finding essentially

an 8-hour open block of time (to allow for drive-time and time conducting the examination) on Dr. Cleveland's busy calendar have made scheduling difficult.

6. Dr. Cleveland met with Mr. Brockbank at the facility on March 14th anticipating that the in-person portion of the examination could be completed that day. However, she was only able to get through approximately two-thirds of the primary testing instrument she is administering before the time allotted for the meeting expired. Dr. Cleveland needs to schedule another trip to Teller County to complete the testing instrument and other parts of her examination with Mr. Brockbank. Dr. Cleveland's first availability to return to the facility to complete the examination would be during the week of April 7th, provided that the jail can accommodate an extended window of time that matches her calendar.

7. Further, in her initial interactions with Mr. Brockbank, Dr. Cleveland has identified additional testing that she believes in her professional judgment should be administered, as well as education and treatment records that she would like counsel to attempt to obtain in order to appropriately assess Mr. Brockbank's mental health issues and cognitive functioning. Counsel would not be able to obtain the records sought in time to utilize them in connection with the present sentencing hearing date.

8. A continuance will allow the defense sufficient time to complete necessary work in developing mitigation evidence and producing any necessary

reports for the Court and opposing counsel, and to prepare a comprehensive and effective sentencing presentation to assist the Court in its determination of a fair and just sentence.

9. Counsel anticipates that at a minimum, 45 additional days are needed to complete tasks as outlined herein and to be adequately prepared for the Sentencing Hearing. In order to provide some margin for error in case of further scheduling difficulties or other anticipated delays, Counsel respectfully requests that the Court continue the sentencing hearing for approximately 45 to 60 days, to approximately late May or early to mid-June.

10. The requested continuance will not prejudice the government but will ensure that the sentencing hearing is conducted with all relevant information available for the Court's consideration.

11. Undersigned counsel has conferred with Assistant United States Attorneys Alison Connaughty and Jonathan Jacobson, who have indicated that the government does not object to the requested continuance.

WHEREFORE, Defendant respectfully requests that this Court grant a continuance of the sentencing hearing for a period of approximately 45 to 60 days, to a date in late May or early to mid-June or otherwise convenient to the Court.

Respectfully Submitted,

s/Thomas R. Ward
**Thomas R. Ward**
Attorney for Defendant
Stuart & Ward LLP
140 E. 19th Ave., Suite 300
Denver, CO 80203
Tel. 303-832-8888
Fax 303-863-8888
tward@stuartwardlaw.com

Dated:   March 20, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on Thursday, March 20, 2025, I electronically filed the foregoing **UNOPPOSED MOTION TO CONTINUE SENTENCING HEARING** with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all opposing counsel of record.

s/Thomas R. Ward
Thomas R. Ward
